UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DERRICK MONET,<br><br>  Plaintiff,<br><br>v.<br><br>TESLA, INC.,<br><br>  Defendant. | Case No. 5:22-cv-00681-EJD<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 10 |

Plaintiff Derrick Monet, Individually and as the Personal Representative of the Estate of Jenna Monet, deceased ("Plaintiff"), originally filed this case against Defendant Tesla, Inc. in the Superior Court for the County of Santa Clara on November 16, 2021. *See* Original Compl. For Damages For Personal Injury and Wrongful Death, Dkt. No. 1-1 ("Compl."). On February 2, 2022, Defendant removed the case to federal court pursuant to 28 U.S.C. § 1441(a) based on diversity of citizenship. Before the Court is Plaintiff's Motion to Remand for lack of subject matter jurisdiction. Pl. Derrick Monet's Mot. to Remand, Dkt. No. 10 ("Mot."). The matter is fully briefed and suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons discussed below, Plaintiff's motion will be denied.

**I.     Background**

On December 29, 2019, Plaintiff was driving his 2019 Tesla Model 3 using the vehicle's autosteer and traffic aware cruise control features, what Tesla calls its "Autopilot" system, while traveling with his wife Jenna from Arizona to Maryland. Compl. ¶ 1. While driving through Indiana, the couple crashed into the rear of a fire truck that was stopped at the scene of an earlier accident on the I-70 interstate freeway. *Id.* ¶ 2. Plaintiff's wife died in the crash and Plaintiff

1  suffered substantial injuries. *Id.* ¶ 3. As a result, Plaintiff brought the present case with nine

2  causes of action including strict product liability, negligence, breach of warranty, and others. *Id.*

3  ¶¶ 57–119.

4  Plaintiff is a resident and citizen of Arizona. *Id.* ¶ 38; *see also* 28 U.S.C. § 1332(c)(2).

5  When the complaint was filed in state court, Defendant was a corporation incorporated in

6  Delaware with its principal place of business in Palo Alto, Santa Clara County, California, and

7  therefore was a citizen of Delaware and California. Mot. at 2; Def. Tesla, Inc.'s Resp. Opposing

8  Pl.'s Mot. to Remand, Dkt. No. 18 ("Opp'n") at 2. On December 1, 2021, Defendant moved its

9  principal place of business to Austin, Travis County, Texas, and became a citizen of Delaware and

10 Texas. Mot. at 3; Opp'n at 3. On January 4, 2022, *after* Defendant had already moved its

11 headquarters to Texas, Plaintiff served its complaint on Defendant's registered agent in California.

12 Opp'n at 3. On February 2, 2022, Defendant removed the action to this Court.

13 **II.     Legal Standard**

14 A case may be removed from state court to federal court "only if the federal court would

15 have had subject matter jurisdiction over the case." *Glob. Indus. Inv. v. Chung*, No. 19-CV-

16 07670-LHK, 2020 WL 2027374, at *2–3 (N.D. Cal. Apr. 28, 2020) (citing 28 U.S.C. § 1441(a)

17 and *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that

18 originally could have been filed in federal court may be removed to federal court by the

19 defendant.")). Plaintiff may move to remand a case to state court "on the basis of any defect other

20 than lack of subject matter jurisdiction" within 30 days of the notice of removal. *Id.* (citing 28

21 U.S.C. § 1447(c)).

22 In general, diversity jurisdiction "is determined (and must exist) as of the time the

23 complaint is filed, and removal is effected." *Stuto v. GE Healthcare, Inc.*, No. 19-CV-02093-PJH,

24 2019 WL 2423512, at *1 (N.D. Cal. June 10, 2019) (citing *Strotek Corp. v. Air Transp. Ass'n. of

25 Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002) (citing *Morongo Band of Mission Indians v.

26 California State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988) (diversity is determined

27 by citizenship of parties as of filing of the original complaint)); *Newcombe v. Adolf Coors Co.*,

28

2

Case No. 5:22-cv-00681-EJD
ORDER DENYING MOTION TO REMAND

1   157 F.3d 686, 690 (9th Cir. 1998) (diversity must exist when the action is removed)).

2   The "no local defendant rule" codified in 28 U.S.C. § 1441(b)(2), provides that "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served as defendants is* a citizen of the State in which such action is brought" (emphasis added).

### III.  Discussion

There is no dispute that there is complete diversity between Plaintiff and Defendant, and that the jurisdictional minimum of $75,000 has been satisfied. Nonetheless, Plaintiff contends that at the time the lawsuit was filed in state court, Defendant was a citizen of California, and therefore the "no local defendant" rule embodied in § 1141(b) bars removal. Mot. at 2. Defendant contends that the "no local defendant rule" applies when the complaint is served, not when it is filed, and that by the time Plaintiff effected service, Defendant was no longer a citizen of California.

The "no local defendant rule" codified in 28 U.S.C. § 1441(b)(2) "is only applicable at the time a notice of removal is filed." *Spencer v. U.S. Dist. Ct. for N. Dist. of Ca.*, 393 F.3d 867, 871 (9th Cir. 2004) (affirming denial of motion to remand because no local defendant was a party to the action at the time of removal). Under this binding Ninth Circuit authority, the Court finds that "no local defendant rule" does not bar removal in this case because Defendant was no longer a citizen of California at the time of removal. Furthermore, the plain language of § 1441(b)(2) bars removal only when a defendant "properly joined *and served*" is a resident of the forum. 28 U.S.C. § 1441(b)(2) (emphasis added). Here, Defendant was no longer a local defendant by the time it was *served*.

Plaintiff relies on *Stuto*, 2019 WL 2423512, in which the court held remand was not proper when a California corporation moved its headquarters to Texas because, although complete diversity existed when the case was removed, "complete diversity did not exist at the time the complaint was filed." Mot. at 4–5 (citing *Stuto*, 2019 WL 2423512, at *5). Here, there has always been complete diversity between the parties. Plaintiff is a citizen of Arizona. Defendant was a citizen of California and Delaware at the time suit was filed, and Defendant is now a citizen of

3

Case No. 5:22-cv-00681-EJD
ORDER DENYING MOTION TO REMAND

1    Texas and Delaware.  Thus, *Stuto* is not applicable and does not bar removal of the present case to
2    this Court.
3          Plaintiff also relies on the "time of filing" rule (i.e., a court's jurisdiction depends on the
4    circumstances when the case was filed), citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 537–38
5    (1939).  Pl. Derrick Monet's Reply to Def.'s Resp. to Pl.'s Mot. to Remand, Dkt. No. 21 ("Reply")
6    at 3–4.  Plaintiff is correct that the time of filing rule requires complete diversity to be present
7    when the complaint is filed and that subject matter jurisdiction must exist at the time the complaint
8    was filed.  However, Plaintiff's argument is misplaced because the time of filing rule is separate
9    and distinct from the no local defendant rule codified in § 1441(b)(2).  As stated previously, the
10   plain language of § 1441(b)(2) bars removal only when a defendant "properly joined *and served*"
11   is a resident of the forum.  28 U.S.C. § 1441(b)(2) (emphasis added).

### IV. Conclusion

For the reasons stated above, Plaintiff's Motion to Remand is **DENIED**.

IT IS SO ORDERED.

Dated: July 13, 2022

_____
EDWARD J. DAVILA
United States District Judge

4

Case No. 5:22-cv-00681-EJD
ORDER DENYING MOTION TO REMAND